T.C. Summary Opinion 2003-113

UNITED STATES TAX COURT

THOMAS J. NORTHEN, JR., AND SHIRLEY COX, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5020-02S.               Filed August 13, 2003.

Shirley Cox, pro se.

<u>Rebecca S. Duewer</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency in petitioners' 1998 Federal income tax in the amount of $13,854. After a concession by petitioners, the issue this Court must decide is whether petitioner Shirley Cox (petitioner) is entitled to deduct the cost of removing and replacing the roof-covering material and related expenses on her commercial building.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Belmont, California, at the time they filed their petition.

During 1998, petitioner owned a one-half interest in a commercial building (building) at 590 Taylor Street, Belmont, California. The building contains 23,000 square feet of offices and a warehouse.

The building was rented to Environmental Care Inc. (Environmental). One of Environmental's jobs was to provide all the Christmas decorations for the World Trade Center in San Francisco, California. During the year in issue, the roof leaked, damaging Environmental's materials. Environmental's personnel complained to petitioner and even threatened legal action.

Petitioner hired Armstrong Roofing (Armstrong) to stop the leaks and install a foam roofing system. The acting roof superintendent (superintendent) examined the roof and found it "basically * * * intact" except for one location "where water was

coming through, almost like a river."

Twenty eight sheets of plywood on the roof were replaced due to dry rot. The superintendent explained that it was not necessary to remove the tar and gravel from the roof. However, Armstrong's company policy was to remove all tar and gravel down to the plywood roof, spray the primer on, and top it off with a spray polyurethane foam coating. There were no structural changes made to the roof. The entire roof was sprayed to protect Armstrong against any potential liability in the future.

The leaks were located under the rooftop air conditioning unit. In order to gain access to that area and stop the leaks, petitioner's contractors had to move and replace the air conditioner with a crane, place supports under the air conditioner when it was replaced, disconnect and reconnect the gas lines, and install new electrical conduits.

Respondent disallowed a repair expense deduction of $52,880, allowed a $656 depreciation deduction, and made an automatic adjustment. Respondent determined that $3,572 of the $52,880 had not been substantiated and that the remaining $49,308 was a capital expenditure. At trial, petitioner did not address the substantiation issue, and on brief petitioner conceded this issue.

Petitioner claims that the roof-covering expense incurred is a deductible expense; respondent argues that it is a capital

expenditure.

Section 162(a) allows the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. The cost of incidental repairs to property is deductible if those repairs neither materially add to the value of the property nor appreciably prolong the life of the property. Sec. 1.162-4, Income Tax Regs. Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property, must generally be capitalized and depreciated in accordance with section 167. Id. Further, section 263(a) provides that no deduction shall be allowed for permanent improvements or betterments made to increase the value of any property.

The issue in this case has been considered previously by this Court in Oberman Manufacturing Co. v. Commissioner, 47 T.C. 471 (1967). In that case, the Court held that the cost of removing and replacing roof-covering material (as well as the cost of inserting an expansion joint in the roof) was a deductible expense. The Court observed that "it is necessary to take into consideration the purpose for which an expenditure is made in order to determine whether such expenditure is capital in nature or constitutes a current expense." Id. at 482. The Court in Oberman Manufacturing Co. further observed that the taxpayer's only purpose in having the work done was to prevent leakage and

keep the leased property in an operating condition over its probable useful life and not to prolong the life of the property, increase its value, or make it adaptable to another use. <u>Id.</u> There was no replacement or substitution of the roof. <u>Id.</u>

Here, as in <u>Oberman Manufacturing Co.</u>, there was no replacement or substitution of the roof. Petitioner's only purpose in having the work done to the roof was to prevent the leakage and keep her commercial property in operating condition and not to prolong the life of the property, increase its value, or make it adaptable to another use. Petitioner's expenditure merely restored her commercial property to one with a roof free of leaks. That is why she hired Armstrong and the other contractors. The reason why Armstrong sprayed the entire roof with foam was to protect Armstrong against future liability. On this record, we hold that petitioner is entitled to deduct the expenditure in issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered under Rule 155</u>.